IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN KEVIN WESLEY,<br>**Plaintiff** | :<br>:<br>: |
| v. | :     CIVL ACTION NO. 22-CV-4223 |
| PRIMECARE MEDICAL, *et al.*,<br>**Defendants** | :<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                                                                              JANUARY   , 2023

*Pro se* Plaintiff Brian Kevin Wesley, a pretrial detainee currently housed at Lancaster County Prison, brings this action pursuant to 42 U.S.C. § 1983, based on the medical care he received at Lancaster County Prison. Mr. Wesley names as defendants Prime Care Medical, Inc. ("Prime Care"), Lancaster County Prison Warden Cheryl Steberger in her official capacity, and John Doe Doctors in their official capacities. Currently before the Court are Mr. Wesley's Complaint (ECF Nos. 2, 7) and Motion to Appoint Counsel (ECF No. 3). For the following reasons, the Court will dismiss Mr. Wesley's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and deny his Motion to Appoint Counsel without prejudice. Mr. Wesley will be granted leave to file one comprehensive pleading clearly identifying the defendants he seeks to sue and containing the allegations upon which he seeks to proceed in this case.

### I.     FACTUAL ALLEGATIONS

The factual allegations in Mr. Wesley's Complaint are sparse.[1] He alleges that he has a history of vision problems that left him blind in his left eye and with diminished vision in his

---

[1] The factual allegations set forth in this Memorandum are taken from Mr. Wesley's Complaint, which he filed in a piecemeal fashion, *see* ECF Nos. 2 & 7. Mr. Wesley subsequently filed a one-page note dated November 11, 2022. (ECF No. 8.) The document is not in the form of a pleading in that it does not have a caption, identify defendants, state the basis for the Court's

right eye.[2] (Compl., ECF No. 7 at 1.) Mr. Wesley avers that he was previously "incarcerated with [g]laucoma and cataracts" and "[has been] treated [at Lancaster County Prison] before." (*Id.*) Since June of 2022, Mr. Wesley claims that Lancaster County Prison staff have not provided him with a lens or glasses to protect his right eye despite recommendations from doctors to do so. (*Id.* at 1 and 3.). He asserts that he is unable to see the television or read properly, and "will probably be totally blind soon." (*Id.* at 1.)

Mr. Wesley seeks monetary damages for the "continued deterioration" of his eyesight and pain in both eyes caused by the failure to provide timely and appropriate medical treatment. (*Id.*) He also seeks as injunctive relief to be "examined by a qualified eye doctor and not a nurse." (*Id.*)

---

jurisdiction, or state the relief Mr. Wesley seeks. *See* Fed. R. Civ. P. 8 & 10. It is also unsigned. *See* Fed. R. Civ. P. 11. The Court understands this document to have been filed as an extension of the initial Complaint, rather than an amended complaint. Notably, the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even for or by a *pro se* litigant. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . ."). Nevertheless, even liberally considering the allegations in Mr. Wesley's piecemeal Complaint and this additional filing together, Mr. Wesley has not stated a plausible claim for relief, as set forth below.

[2] The Complaint refers to Mr. Wesley's long history of visual problems going back to the "1990's." (ECF No. 2 at 4.) To the extent a portion of this time period may fall outside the applicable statute of limitations period, the Court construes the factual allegations as providing background information for Mr. Wesley's timely claims.

2

## II.   STANDARD OF REVIEW

The Court previously granted Mr. Wesley leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] (*See* ECF No. 11.) Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Mr. Wesley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Mr. Wesley asserts claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and

---

[3] However, because Mr. Wesley is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A. Claims Against Prime Care and Official Capacity Claims

Mr. Wesley brings claims against Prime Care as the private provider of medical services at the prison, and official capacity claims against defendant Steberger in her position as Warden of the Lancaster County Prison and "unknown" medical doctors. Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n.55 (1978)). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Because Mr. Wesley's official capacity claims against all individual defendants are essentially the same as claims against Prime Care or Lancaster County, the Court will analyze these claims together according to the standards for pleading a municipal liability claim.

To plead a § 1983 claim against a municipality or a company that contracts with a municipality to provide correctional services, a plaintiff must allege that the municipality or company's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of section 1983). "To satisfy the pleading standard, [the plaintiff] must . . . specify

4

what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

To the extent Mr. Wesley seeks damages from Prime Care, Lancaster County, or any of the named defendants in their official capacities, he has failed to allege facts that support *Monell* liability. Mr. Wesley has not identified any policy or custom of Prime Care or Lancaster County, nor has he alleged that such a policy or custom caused a constitutional violation. Accordingly, Mr. Wesley's *Monell*/official capacity claims are not plausible and must be dismissed. However, because the Court cannot say at this time that Mr. Wesley can never state a plausible *Monell*/official capacity claim, the dismissal will be without prejudice and Mr. Wesley will be permitted the opportunity to file an amended complaint if he can cure the defect the Court has identified.

### B. Deliberate Indifference to Medical Needs

Liberally construing the Complaint, the Court considers whether Mr. Wesley intended to bring individual capacity claims against defendants Steberger and the unnamed Prime Care doctors. Mr. Wesley alleges that defendants were deliberately indifferent to his serious medical needs, in that he has been denied proper medical care to address his glaucoma, cataracts, and ongoing vision problems while he was incarcerated at Lancaster County Prison. (ECF No. 2 at

3-4, ECF No.7 at 1.) To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[4] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference can be shown by "a prison official intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Wilks v. City of Philadelphia*, 2019 WL 4261159, at *5 (E.D. Pa. Sept. 6, 2019) (citing *Casilla v. New Jersey State Prison*, 381 F. App'x 234, 236 (3d Cir. 2010)). Furthermore, "[a] medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). "[W]here denial or delay causes an inmate to suffer a life-long

---

[4] Mr. Wesley was a pretrial detainee at the time of the events in question, and thus, the Fourteenth Amendment governs his deliberate indifference to medical needs claim. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). In any event, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019); *Parkell v. Morgan*, 682 F. App'x 155, 159-60 (3d Cir. 2017) (*per curiam*).

handicap or permanent loss, the medical need is considered serious." *Id; see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering."). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode*, 845 F.2d at 1207; *Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Mr. Wesley has not stated a plausible constitutional claim for deliberate indifference to a serious medical need. His allegations are undeveloped because Mr. Wesley has not provided any specific factual details that any named defendant knew he needed medical treatment *and* intentionally refused, delayed, or prevented him from receiving that treatment. *See Rode*, 845 F.2d at 1207 (stating that the personal involvement of a defendant in a § 1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence."). Mr. Wesley has pled no facts connecting Defendant Steberger to the failure to provide medical care.[5] In addition, while it is possible that some of the unnamed doctors were involved in his

---

[5] Mr. Wesley may have named Warden Steberger as a defendant in this case based on her supervisory position as Warden of Lancaster County Prison. However, Mr. Wesley has not asserted the elements to establish supervisory liability - personal involvement, knowledge of and acquiescence in a subordinate's unconstitutional conduct, or deliberate indifference to a policy, practice or custom which directly caused constitutional harm. *Barkes v. First Corr. Med. Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). Without such factual allegations, any supervisory liability claim against Defendant Steberger necessarily fails.

care, and thus, may have been responsible for the violations alleged in the complaint, Mr. Wesley has not provided sufficient facts to establish that any particular doctor or doctors involved in his care acted with deliberate indifference to his serious medical needs. Rather, he has named "unknown doctors," without making clear how many doctors he is suing and how each individual doctor played a role in some violation of his rights.

Mr. Wesley's allegations as currently pled are insufficient. As such, his deliberate indifference to medical needs claim will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Wesley will be given an opportunity to replead his claims in the event he can provide additional factual allegations to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Wesley's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Cognizant of Mr. Wesley's *pro se* status, the Court will grant him an opportunity to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at * 4 (D.N.J. Oct. 16, 2019)). Any amended complaint should clearly describe the factual basis for Mr. Wesley's claims against the relevant defendant or defendants and state how each defendant was involved in the alleged denial of one or more of his constitutional rights. Mr. Wesley's Motion to Appoint Counsel is denied without prejudice because it is premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

An appropriate order follows.

BY THE COURT:

*CA-22-4223*

_____
GENE E.K. PRATTER, J.

9