IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN KEVIN WESLEY,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 22-CV-4223 |
| PRIME CARE MEDICAL, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                                                                          MARCH , 2023

Currently before the Court is an Amended Complaint filed by *pro se* Plaintiff Brian Kevin Wesley, a pretrial detainee currently housed at Lancaster County Prison ("LCP"). (*See* ECF No. 14.) Mr. Wesley claims that Prime Care Medical and LCP Warden Cheryl Steberger delayed medical treatment related to Mr. Wesley's glaucoma and cataracts. For the following reasons, the Court will dismiss Mr. Wesley's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Wesley will be permitted to file a second amended complaint.

### I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Mr. Wesley initially named LCP Warden Cheryl Steberger, Prime Care Medical, Inc. ("Prime Care"), and Unknown Doctors as defendants, claiming a delay and denial of medical care in violation of 42 U.S.C. § 1983. In a January 17, 2023, Memorandum and Order, the Court dismissed Mr. Wesley's Complaint upon screening pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim. *See Wesley v. Prime Care Med.*, No. 22-4223, 2023 WL 289691, at *4 (E.D. Pa. Jan. 17, 2023). The Court dismissed Mr. Wesley's (1) *Monell*/official capacity claims because Mr. Wesley failed to identify a policy or custom in violation of the United States Constitution, and (2) his claim of the defendants' deliberate indifference to his medical needs because the Complaint lacked specific details about how the individual defendants played a role

in the alleged denial of medical care. *Id.* The Court allowed Mr. Wesley the opportunity to file an amended complaint to cure the pleading defects. *Id.* With regard to the unnamed defendants, the Court also instructed Mr. Wesley that he could "refer to a defendant by last name only if that is the only identifying information possessed," and name "John Doe" defendants for those individuals Mr. Wesley could not provide any identifying information. (ECF No. 13 at 2.)

Mr. Wesley returned with an Amended Complaint, naming LCP Warden Steberger and Prime Care.[1] (ECF No. 14.) He alleges that upon arrival at LCP in June of 2022 he notified medical intake staff of his ongoing problems with "glaucoma, cataracts and serious eye discomfort." *Id.* at 4. He further contends that his eyeglasses were broken the day before his incarceration. *Id.* Mr. Wesley claims to have received no medical care or treatment between June and November 2022, at which time he was given eye drops. *Id.* In December of 2022, Mr. Wesley reports that he was examined by an eye doctor and finally received a pair of glasses that Mr. Wesley claims did not correct his vision. *Id.* Mr. Wesley states he is currently scheduled for surgery on his right eye at an outside eye specialist to relieve "optical pressure." *Id.* at 5. As a result of the alleged delayed medical treatment, Mr. Wesley seeks monetary damages for the "pain suffering major anxiety, worries about being totally blind." *Id.*

---

[1] It is unclear from the caption of the Amended Complaint whether Mr. Wesley intended to name the Lancaster County Prison as a defendant, or whether he was referring to "Lancaster Co. Prison" as an identifier for Warden Cheryl Steberger. In any event, the Lancaster County Prison is not a "person" under Section 1983. *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Gonzalez v. Lancaster Cnty. Prison,* No. 95–0355, 1995 WL 46697, at *1 (E.D. Pa. Feb.1, 1995) ("Since Lancaster County Prison is not a person, it may not be sued under § 1983."); *see also Mitchell v. Chester Cnty. Farms Prison,* 426 F.Supp. 271 (E.D.Pa.1976) (holding county prison "not a 'person' subject to suit under federal civil rights law").

## II. STANDARD OF REVIEW

The Court previously granted Mr. Wesley leave to proceed *in forma pauperis*. *See* ECF No. 11. Accordingly, 28 U.S.C. § 1915(e)(2)(B) authorizes the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is an issue governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Mr. Wesley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Mr. Wesley asserts a claim for deliberate indifference based on his delayed medical care pursuant to 42 U.S.C. § 1983, the statute under which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged

3

constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Even with a liberal construction of the Amended Complaint, Mr. Wesley again has not yet alleged a plausible basis for a claim against any defendant.

Mr. Wesley brings claims against Prime Care as the private provider of medical services at LCP, and an official capacity claim against Defendant Steberger in her position as Warden of LCP.[2] To plead a § 1983 claim against a municipality or a company that contracts with a municipality to provide correctional services, a plaintiff must allege that the municipality or company's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of section 1983). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other

---

[2] Mr. Wesley's official capacity claim against LCP Warden Steberger is indistinguishable from a claim against Lancaster County, the entity that employs her. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n.55 (1978)). Because Mr. Wesley's official capacity claim against Warden Steberger is governed by the same standards as his claim against Prime Care, the Court will analyze these claims together according to the standards for pleading a municipal liability claim.

hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

Mr. Wesley's Amended Complaint suffers from the same flaws as his original Complaint. Mr. Wesley has not identified any policy or custom of Prime Care or Lancaster County related to the denial or delay of his medical care; nor has he alleged that such a policy or custom caused a constitutional violation. Mr. Wesley's *Monell*/official capacity claims, therefore, will be dismissed.

Liberally construing the Amended Complaint, the Court also considers whether Mr. Wesley intended to assert an individual capacity claim against Defendant Steberger. To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts showing that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference can be shown by "a prison official intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Wilks v. City of Philadelphia*, 2019 WL 4261159, at *5 (E.D. Pa. Sept. 6, 2019) (citing *Casilla v.*

*New Jersey State Prison*, 381 F. App'x 234, 236 (3d Cir. 2010)). Furthermore, "[a] medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). "[W]here denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." *Id; see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering."). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, as noted above, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode*, 845 F.2d at 1207; *Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Mr. Wesley has not stated a plausible constitutional claim against Warden Steberger, the only individual identified as a defendant, for deliberate indifference to a serious medical need. Mr. Wesley presents no factual allegations that Warden Steberger knew of his eye ailments or that she intentionally denied or delayed his access to medical care or intentionally interfered with prescribed treatment. To the extent that Mr. Wesley seeks to bring a claim against Warden Steberger for holding a supervisory position, such a claim is not plausible because Mr. Wesley has not set out the elements to establish supervisory liability - personal involvement, knowledge of and acquiescence in a subordinate's unconstitutional conduct, or deliberate indifference to a

policy, practice or custom which directly caused constitutional harm. *Barkes v. First Corr. Med. Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Without such factual allegations, any supervisory liability claim necessarily fails.

Mr. Wesley presents no factual allegations against any individual Prime Care medical provider. The Amended Complaint is silent as to what any particular medical provider did or did not do to violate Mr. Wesley's constitutional rights. Mr. Wesley has not identified any individual who knew that he required care but nevertheless was responsible for delaying his care between June and December of 2022. While he complains generally of a failure to provide timely care, Mr. Wesley has not attributed that failure to any particular individual[3] Absent more specific facts, the Amended Complaint fails to state a claim for deliberate indifference.

## IV. CONCLUSION

The Court will dismiss Mr. Wesley's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[4] Because of Mr. Wesley's *pro se* status, the Court will give him one more opportunity to "flesh out [his] allegations by . . . explaining in [a second] amended complaint the 'who, what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at * 4 (D.N.J. Oct. 16, 2019)).

---

[3] Mr. Wesley suggests that he has been unable to ascertain the names of medical staff. (*See* ECF No. 14 at 12.) However, as set forth in the Court's January 17, 2023, Order, Mr. Wesley can identify a defendant by last name only or as a John Doe in order to describe the actions or failure to act by any medical provider. *See* ECF No. 13 at 2.

[4] Mr. Wesley appears to request a lawyer in his Amended Complaint. *See* ECF No. 14 at 13. This request is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). Mr. Wesley may file a motion for appointment of counsel with his second amended complaint if he chooses to file one.

Any second amended complaint should clearly describe the factual basis for Mr. Wesley's claims against the relevant defendant or defendants and state how each defendant was involved in the alleged denial of his constitutional rights.

An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER, J.