IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN KEVIN WESLEY,           :
    Plaintiff,                :
                              :
v.                            :        CIVIL ACTION NO. 22-CV-4223
                              :
PRIMECARE MEDICAL, *et al.*,  :
    Defendants.               :

## ORDER

AND NOW, this 20th day of March, 2023, upon consideration of Plaintiff Brian Kevin

Wesley's Amended Complaint (ECF No. 14), it is **ORDERED** that:

1.    The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for the

reasons stated in the Court's Memorandum.

2.    Mr. Wesley may file a second amended complaint provided that he does so within

thirty (30) days of the date of this Order to cure the defects identified by the Court in the

accompanying memorandum.  Mr. Wesley must identify all defendants in the caption of the

second amended complaint in addition to identifying them in the body of the second amended

complaint and must state the basis for Mr. Wesley's claims against each defendant.  Mr. Wesley

may refer to a defendant by last name only if that is the only identifying information possessed.

If Mr. Wesley wishes to name individuals for whom he does not have any identifying

information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1]  The second

amended complaint must be a complete document that does not rely on the initial Complaint or

the Amended Complaint, or other papers filed in this case to state a claim.  Mr. Wesley should

---

[1] Mr. Wesley complains that he is unable to obtain the names of prison staff.  Amend.
Compl., ECF No. 14 at 12.  As noted, Mr. Wesley may refer to individuals by last names or as a
John Doe Defendant. However, without the name of at least one individual or entity, the Court
may be unable to direct service of any amended complaint that Mr. Wesley may file.

submit any second amended complaint to the Court as one document at the same time rather than in a piecemeal style. When drafting his second amended complaint, Mr. Wesley should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3.      The Clerk of Court is **DIRECTED** to send Mr. Wesley a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Mr. Wesley may use this form to file his second amended complaint if he chooses to do so.[2]

4.      If Mr. Wesley does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and must include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" after being warned of consequences of dismissal).

---

[2] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

2

5.      If Mr. Wesley fails to file any response to this Order, the Court will conclude that

Mr. Wesley intends to stand on his Amended Complaint and will issue a final order dismissing

this case.[3] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his

complaint may be inferred from inaction after issuance of an order directing him to take action to

cure a defective complaint).

BY THE COURT:

GENE E.K. PRATTER, J.

---

[3] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d
863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on
his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint"
doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to
comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v.
Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis*
is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as
would be the case when a plaintiff opts not to amend his complaint, leaving the case without an
operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam)
("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or
where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible,
a balancing of the *Poulis* factors is not necessary.").