IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN KEVIN WESLEY,** *Plaintiff* | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | |
| **PRIME CARE MEDICAL, *et al.*,** *Defendants* | : | **NO. 22- 4223** |

## MEMORANDUM

**PRATTER, J.** **SEPTEMBER 13, 2023**

Plaintiff Brian Kevin Wesley has filed a Second Amended Complaint claiming constitutional violations that stem from alleged delays in treatment of Mr. Wesley's glaucoma and cataracts during his prior incarceration at Lancaster County Prison ("LCP"). ECF No. 18.[1] For the following reasons, the Court will construe the new pleading as a post-judgment motion to amend the complaint and deny the motion because Mr. Wesley fails to state a claim.

### FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Mr. Wesley initially named LCP Warden Cheryl Steberger, Prime Care Medical, Inc. ("Prime Care"), and Unknown Doctors as defendants, claiming a delay and denial of medical care in violation of 42 U.S.C. § 1983. ECF No. 2. In a January 17, 2023, Memorandum and Order, the Court dismissed Mr. Wesley's Complaint upon screening pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim. *See Wesley v. Prime Care Med.*, No. 22-4223, 2023 WL 289691, at *4 (E.D. Pa. Jan. 17, 2023). The Court dismissed Mr. Wesley's (1) *Monell*/official capacity claims because Mr. Wesley failed to identify a policy or custom that caused a constitutional violation, and (2) deliberate indifference to medical needs claims because the Complaint lacked specific details

[1] The pleading was docketed as "Amended Complaint" even though it is Mr. Wesley's Second Amended Complaint in this case.

about how the individual defendants played a role in the alleged denial of medical care. *Id.* The Court gave Mr. Wesley the opportunity to file an amended complaint to cure the noted defects. *Id.* With regard to the unnamed defendants, the Court also instructed Mr. Wesley that he could "refer to a defendant by last name only if that is the only identifying information possessed," and name John Doe Defendants for those individuals Mr. Wesley could not provide any identifying information. ECF No. 13, at 2.

Mr. Wesley returned with an Amended Complaint, naming LCP Warden Steberger and Prime Care as defendants and again raising claims for delayed medical treatment. ECF No. 14. In a March 20, 2023 Memorandum and Order, the Court dismissed Mr. Wesley's Amended Complaint without prejudice. *See Wesley v. Prime Care Med.*, No. 22-4223, 2023 WL 2589222, at *4 (E.D. Pa. March 21, 2023). The Court noted that Mr. Wesley's Amended Complaint "suffer[ed] from the same flaws as his original Complaint" but granted Mr. Wesley "one more opportunity to 'flesh out his allegations by … explaining in a second amended complaint the who, what, where, when and why of [his] claim." *Id.* at *3-*4 (citations, internal quotations, and alterations omitted). The Court's Order gave Mr. Wesley 30 days to file a second amended complaint in the event he could cure the defects in his claims. ECF No. 16. Mr. Wesley was instructed to include in any second amended complaint "the factual basis for [his] claims against the relevant defendant or defendants and state how each defendant was involved in the alleged denial of his constitutional rights." *Wesley*, 2023 WL 2589222, at *4.

The Court's March 20, 2023 Order also notified Mr. Wesley that if he failed to file any response, the Court would "conclude that he intends to stand on his Amended Complaint and will issue a final order dismissing [his] case." *Id.* After receiving no response to its March 20, 2023 Order, the Court issued a final order on June 12, 2023, dismissing Mr. Wesley's case with

prejudice. ECF No. 17. The Order further instructed Mr. Wesley that if he did not intend to rely only on his Amended Complaint, he must "promptly move for reconsideration … in accordance with Federal Rule of Civil Procedure 59(e) and attach to any such motion his proposed second amended complaint." *Id.*

On July 3, 2023, Mr. Wesley filed an amended pleading, construed as a second amended complaint, which Mr. Wesley completed by utilizing a standard complaint form for filing a violation of civil rights pursuant to 42 U.S.C. § 1983. ECF No. 18. Mr. Wesley renames all of the same defendants – Prime Care Medical, Warden Cheryl Steberger, and unidentified Prime Care Medical Doctors. *Id.* at 1. As in his prior pleadings, Mr. Wesley reiterates that his constitutional rights were violated when he failed to receive timely and appropriate medical care for his eye conditions, *id.* at 3-5, and he seeks monetary compensation. *Id.* at 5.

## STANDARD OF REVIEW

Because final judgment has been entered in this case, the Court will construe Mr. Wesley's second amended complaint as a conjoined motion for reconsideration, *see* Fed. R. Civ. P. 59(e), and motion for leave to file an amended complaint, *see* Fed. R. Civ. P. 15(a). "[W]hen a timely motion to amend the complaint is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors, and leave to amend must be assessed for undue delay, bad faith, prejudice to the opposing party, or futility." *Lacey v. City of Newark*, 828 F. App'x 146, 150 (3d Cir. 2020) (internal quotations omitted); *see also Jang v. Boston Sci. Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013) ("We have held that '[w]here a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors.'" (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001)). "Therefore, the fact that the amended pleading offered by the movant will not cure the defects in the original pleading that resulted in the judgment

of dismissal may be a valid reason both for denying [amendment and reconsideration]." *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002) (internal quotations omitted).

Here, the relevant inquiry is whether Mr. Wesley's newest pleading contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *see also Paris v. Lamas*, No. 20-3700, 2020 WL 6395460, at *2 (E.D. Pa. Nov. 2, 2020). Conclusory allegations do not suffice to state a claim. *Id.*

**DISCUSSION**

Mr. Wesley's pleading suffers from the same flaws that subjected his original and Amended Complaints to dismissal. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Even with a liberal construction of the second amended complaint, Mr. Wesley again has not alleged a plausible basis for a § 1983 claim against any defendant.

Mr. Wesley's pleading reiterates the allegations contained in his original and Amended Complaints, which this Court has previously found to be deficient. ECF Nos. 12, 15. To the extent Mr. Wesley again named unidentified Prime Care prison doctors and/or LCP Warden Steberger in their official capacities,[2] or Prime Care itself as the private provider of medical services at LCP,

---

2 Mr. Wesley's official capacity claims against unnamed prison doctors and LCP Warden Steberger are indistinguishable from a claim against Prime Care and Lancaster County, respectively, the entities that

the pleading does not allege that a policy or custom caused the violation of his constitutional rights as required by *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694.

To plead a § 1983 claim against a municipality or a company that contracts with a municipality to provide correctional services, a plaintiff must allege that the municipality or company's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. 658, 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of section 1983). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted). In other words, "[c]ustom requires proof of knowledge and acquiescence by [a municipal] decisionmaker." *McTernan*, 564 F.3d at 658. Once again, Mr. Wesley has not identified any policy or custom related to the denial or delay of his

employ them. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n.55 (1978)).

medical care, nor has he alleged that such a policy or custom caused a constitutional violation. *See Hutchinson v. Northampton Cnty. Prison*, No. 22-2652, 2023 WL 205103, at *3-4 (E.D. Pa. Jan. 17, 2023). Therefore, the second amended complaint does not set forth a plausible *Monell*/official capacity claim.

Likewise, the new pleading does not state a § 1983 against the defendants in their individual capacities. As previously explained to Mr. Wesley, a prisoner must establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference can be shown by "a prison official intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Wilks v. City of Philadelphia*, 2019 WL 4261159, at *5 (E.D. Pa. Sept. 6, 2019) (citing *Casilla v. New Jersey State Prison*, 381 F. App'x 234, 236 (3d Cir. 2010)). Furthermore, "[a] medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). "[W]here denial or delay causes an inmate to suffer a life-long handicap or permanent

loss, the medical need is considered serious." *Id.; see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering."). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, as noted above, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode*, 845 F.2d at 1207; *Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

As with Mr. Wesley's prior pleadings, this latest pleading does not allege facts from which the Court could plausibly infer that the defendants were deliberately indifferent to Mr. Wesley's serious medical needs. *See Wesley*, 2023 WL 289691, at *4; *Wesley*, 2023 WL 2589222, at *4. Mr. Wesley presents no factual allegations that Warden Steberger[3] or any specific Prime Care medical provider (even one whose name is unknown to him) knew of his eye ailments or that they intentionally denied or delayed his access to medical care or intentionally interfered with prescribed treatment. The pleading remains silent as to what any particular medical provider did or did not do to violate Mr. Wesley's constitutional rights. Mr. Wesley has not identified any individual who knew that he required care but nevertheless was responsible for delaying his care,

---

[3] As noted in the Court's prior Memoranda, to the extent that Mr. Wesley seeks to bring a claim against Warden Steberger for holding a supervisory position, such a claim is not plausible as Mr. Wesley has not asserted the elements to establish supervisory liability - personal involvement, knowledge of and acquiescence in a subordinate's unconstitutional conduct, or deliberate indifference to a policy, practice or custom which directly caused constitutional harm. *Barkes v. First Corr. Med. Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Without such factual allegations, any supervisory liability claim necessarily fails.

and while he complains generally of a failure to provide timely care, Mr. Wesley has not attributed that failure to any particular individual or individuals. Accordingly, the claims against individual defendants are not plausible.

## CONCLUSION

Mr. Wesley has not provided a basis for reconsideration because the second amended complaint does not allege facts from which the Court could plausibly infer that the defendants violated his constitutional rights. Thus, it would be futile to allow Mr. Wesley to amend based on the current allegations. Accordingly, the Court will not reopen its judgment in this case. An order follows.

**BY THE COURT:**

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**